IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LESLIE BARNES**                                                                                         **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 2:14-CV-144-KS-MTP**

**MARK CARPENTER,** *et al.*                                                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a personal injury case arising from an automobile accident. Plaintiff is the wrongful death beneficiary of Carmen Corey, who was injured and killed in an automobile accident. Plaintiff contends that Defendant Mark Carpenter caused the accident while operating a vehicle within the scope of his employment by Defendants Alvin Rickels and Alvin Rickels, LLC. Defendants filed a Motion to Dismiss [4] Plaintiff's claim for punitive damages. For the reasons stated below, the Court **denies** the motion.

### A.   *Rule 12(b)(6)*

To survive a motion to dismiss under Rule 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the [counterclaim's] factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the [counterclaim] in the light most favorable to the [defendant]." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal

conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). Legal conclusions may provide "the [counterclaim's] framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009).

Plaintiff demanded punitive damages. Punitive damages are available where a tortfeasor "acted with actual malice, [or] gross negligence which evidences a willful, wanton or reckless disregard for the safety of others . . . ." MISS. CODE ANN. 11-1-65(1)(a). "In the automobile context, the Supreme Court of Mississippi has been extremely reticent to permit punitive damages in cases involving the mere commission of traffic violations." *Dawson v. Burnette*, 650 F. Supp. 2d 583, 585-86 (S.D. Miss. 2009). However, the Court has indicated that punitive damages may be available where a driver/tortfeasor operates his vehicle while under the influence of an intoxicant. *See, e.g. James W. Sessums Timber Co. v. McDaniel*, 635 So. 2d 875, 879-80 (Miss. 1994) (trial court did not err by providing punitive damage instruction where evidence showed that driver/tortfeasor had BAC of 0.24% at time of accident); *McGrew v. State*, 469 So. 2d 95, 97 (Miss. 1985) (driving under the influence of alcohol may be considered conduct evincing a willful and wanton disregard for the safety of others and of human life).

Plaintiff provided a single factual allegation that could plausibly support a claim for punitive damages. She alleged [3] that Defendant Carpenter "was operating his automobile at a time that he knew or should have known that his ability to do so was

2

impaired." Plaintiff could have provided more specific facts about Carpenter's alleged impairment. Although she failed to do so, this slim allegation is enough to state a plausible claim for punitive damages, and it gives Defendants enough notice to file a response and conduct discovery. Indeed, Defendants have responded [6, 9], and they denied the allegation that Carpenter's ability to operate a vehicle was impaired.

### B. *Rule 12(e)*

Alternatively, Defendants argue that Plaintiff should be required to provide a more definite statement. Rule 8 requires a "short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990). "If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)." *Sisk v. Tex. Parks & Wildlife Dep't*, 644 F.2d 1056, 1059 (5th Cir. 1981).

Rule 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

FED. R. CIV. P. 12(e). The Fifth Circuit has cautioned, though:

3

> In view of the great liberality of [Rule 8], permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. It is to be noted that a motion for more definite statement is not to be used to assist in getting facts in preparation for trial as such.

*Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). The Court possesses "considerable discretion" when evaluating a Rule 12(e) motion. *DVI Bus. Credit Corp. v. Crowder*, 193 F. Supp. 2d 1002, 1009 (S.D. Tex. 2002).

Again, Plaintiff could have provided more facts, but the Complaint is barely sufficient for Defendants to reasonably prepare a response. They can either admit or deny that Carpenter's ability to drive was impaired at the time of the accident. In fact, that is exactly what they've done; they denied that Carpenter's ability to drive was impaired [6, 9].

For all of the reasons stated above, the Court **denies** Defendants' Motion to Dismiss [4].

SO ORDERED AND ADJUDGED this 13th day of November, 2014.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE